IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


FRANK JOHNSON, JR.,
    Plaintiff,

vs.                                       Case No.:  5:07cv262/RS/EMT

HOLMES CORRECTIONAL INSTITUTION, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's "Response to Show Cause Order" (*see* Doc.12). By order of this court dated November 7, 2007, Plaintiff was given thirty (30) days in which to pay the $350.00 filing fee or file a complete application to proceed in forma pauperis (Doc. 8). That time elapsed, and Plaintiff failed to pay the fee or file an application to proceed in forma pauperis. Therefore, on December 12, 2007, the court entered an order directing Plaintiff to show cause, within twenty (20) days, why this case should not be dismissed for failure to comply with an order of the court (Doc. 11). In the instant response to the order to show cause, Plaintiff has not addressed the matter of the filing fee (*see* Doc. 12). Instead, Plaintiff indicates that he recently learned he must exhaust all administrative remedies prior to pursuing a civil rights action, but he has not done so (*id.*). Plaintiff therefore requests that this action be "postpone[d]" until he "has exhausted all administrative remedies" with regard to the claims raised in his civil rights complaint (*id.*).[1]

---

[1] Plaintiff was previously advised to consider filing a notice of voluntary dismissal, pursuant to Rule 41 of the Federal Rules of Civil Procedure, in light of his concession that he did not exhaust administrative remedies prior to filing this civil rights action (*see* Doc. 10). Plaintiff was further advised that he could not proceed with this case until the matter of the filing fee was resolved.

Plaintiff has failed to show good cause for his failure to comply with the order of this court directing him to pay the filing fee or submit a properly completed motion to proceed in forma pauperis. Indeed Plaintiff has not even addressed the matter of the filing fee in his response, the filing fee remains unpaid, and Plaintiff has not submitted a properly completed application to proceed in forma pauperis. Therefore, this action should be dismissed for Plaintiff's failure to comply with an order of the court.

Additionally, to the extent Plaintiff seeks a stay, he is not entitled to the relief he seeks, as this action may not be stayed while Plaintiff pursues his administrative remedies. Although under the previous version of 42 U.S.C. § 1997e(a) (1994), the court was authorized to stay certain proceedings to permit a prisoner litigant to exhaust administrative remedies, under the current version of section 1997e(a) the court has no such authority. As the Eleventh Circuit observed in Harris v. Garner, 190 F.3d 1279, 1285–86 (11th Cir. 1999), *vacated*, 197 F.3d 1059, *reinstated in relevant part*, 216 F.3d 970 (11th Cir. 2000) (en banc), section 1997e(a) now "imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies first." *Id.* (emphasis added). Thus, the "brought" language in section 1997e(a) "means that a prisoner must exhaust all administrative remedies that are available before filing suit . . ." *Id.* at 1286 (emphasis added); *see also* Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that an inmate must comply with the established grievance procedures prior to filing suit). The Eleventh Circuit subsequently reiterated that "'brought,' as used in section 1997e(a)'s 'No action shall be brought . . .' language means filed.'" Harris, 216 F.3d at 974. Therefore, this Court is without authority to stay this action while Plaintiff exhausts the administrative grievance process.

Accordingly, it is respectfully **RECOMMENDED**:

This case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 14th day of January 2008

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 5:07cv262/RS/EMT

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**